Filed 12/4/24  P. v. Summers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C099549 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF120000548) |
| v. | |
| DWIGHT ANTHONY SUMMERS, | |
| Defendant and Appellant. | |

In 2013, defendant Dwight Anthony Summers was found guilty of drug and sex offenses involving a minor with enhancements for a prior drug offense and two prior prison terms found true; defendant received 25 years in state prison.  We affirmed the judgment on appeal, but remanded for the trial court to state the statutory source of

certain assessments and ordered a correction to the abstract of judgment.  (*People v. Summers* (June 23, 2014, C073289) [nonpub. opn.] (*Summers*).)[1]

Following a resentencing proceeding under Penal Code[2] section 1172.75,[3] the trial court struck all the enhancements and reimposed consecutive upper terms for each count, making defendant's new aggregate sentence 20 years in state prison.  Defendant's appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Delgadillo* (2022) 14 Cal.5th 216, asking this court to independently review the record to determine if there are any arguable errors that would result in a disposition more favorable to defendant.

Defendant filed a supplemental brief arguing:  (1) the trial court denied him his rights to due process and a fair trial at the resentencing proceeding because the same allegedly biased judge who presided over his jury trial decided the resentencing petition without recusing herself; (2) the court erred in considering factors in mitigation and did not declare him a danger to the public before reimposing an upper term sentence; and (3) cumulative error.

Having considered defendant's supplemental brief, and finding no arguable error that would result in a disposition more favorable to defendant, we shall affirm.

## I.  BACKGROUND

In 2011, defendant had been in a relationship with the mother of the 17-year-old victim, D.S., for approximately 10 years and was a father figure to D.S. and his siblings.

---

[1] We grant defendant's request to take judicial notice of our unpublished opinion in his prior appeal.  (Evid. Code, §§ 452, subd. (d), 459.)

[2] Further undesignated statutory references are to the Penal Code.

[3] This statute was formerly section 1171.1, but it was renumbered under Assembly Bill No. 200 (2021-2022 Reg. Sess.) to section 1172.75.  (Stats. 2022, ch. 58, § 12.)

(*Summers, supra*, C073289.)[4] At the age of 13, defendant's own brother molested D.S.; as a result, defendant's brother was sent to prison. (*Ibid.*) When D.S. was 16, defendant took him to a motel, showed him how to smoke crack cocaine, and then sodomized him; D.S. did not report the sexual assault. (*Ibid.*) Although D.S.'s mother later kicked defendant out of their home, he returned on one occasion under the guise of taking D.S. to eat; on the way, defendant stopped at a hotel where he smoked crack with D.S., pushed him on the bed, and sodomized him. (*Ibid.*) Because defendant greatly outweighed D.S., he was unable to fight back. (*Ibid.*) D.S. later reported the assault to his school counselor, who called law enforcement. (*Ibid.*)

In 2013, a jury found defendant guilty of forcible sodomy of a minor 14 years of age or older (§ 286, subd. (c)(2)(C)) and furnishing a controlled substance to a minor (Health & Saf. Code, § 11353), and found true that the victim was at least four years younger than defendant (Health & Saf. Code, § 11353.1, subd. (a)(3)) and that defendant had served two prior prison terms (§ 667.5, subd. (b)). The trial court sentenced him to 25 years in state prison, including the upper term of nine years for the controlled substance offense, a consecutive upper term of 11 years for the sodomy offense (§ 667.6, subd. (c)), three years for the age-related drug enhancement and one year each for the prior prison term enhancements.

In July 2022, the trial court set the matter for a resentencing determination under Senate Bill No. 483 after being notified by the Department of Corrections and Rehabilitation that defendant's judgment, which included two prior prison term enhancements, may qualify for resentencing. At counsel's request, the matter was continued several times.

---

**4** We summarize the pertinent facts from our prior opinion in *Summers, supra*, C073289, affirming defendant's judgment.

In September 2023, the People filed a resentencing brief urging the trial court to resentence defendant to 23 years by striking the prior prison term enhancements but leaving the remaining sentence intact. The People argued the court could find multiple factors in aggravation based on defendant's certified records of conviction.

Defendant filed a petition for resentencing, requesting that the trial court strike the drug enhancement and the two prison prior enhancements because multiple enhancements were alleged in the case, the enhancements could result in a sentence exceeding 20 years, the current offense was connected to mental illness, and defendant suffered from prior victimization or childhood trauma.[5] Defendant argued the court should impose a low term sentence given amendments to section 1385 and section 1170. He attached the abstract of judgment, as well as prison records and certificates of completion for courses taken while incarcerated.

At a resentencing hearing on September 25, 2023, defense counsel argued the trial court should strike all enhancements so that defendant's sentence did not exceed 20 years, and urged the court to impose the low term based on defendant's childhood victimization and trauma. The prosecution argued for the upper term given defendant's extensive criminal history based on a certified 40-page RAP sheet showing that defendant had numerous prior felony convictions, including at least 14 out-of-state felony convictions and seven felony convictions in California.

The trial court found the facts of defendant's offenses "egregious." Based on defendant's certified record of convictions, the court found numerous aggravating factors, including that defendant's prior convictions as an adult were numerous or of increasing

---

[5] Effective January 1, 2022, Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice.

4

seriousness, that he had served several prior prison terms, and that he was on probation and parole when he committed the offenses. The court found, little, if any, factors in mitigation. While the court considered the issue of childhood trauma, it found that such trauma did not contribute to the offenses; instead, the court noted that defendant sodomized the victim as retribution against the victim's mother when she refused defendant's request for anal sex.

Based on the circumstances in aggravation, the trial court reimposed the upper term on both counts. After finding that defendant had done relatively well in prison, citing his efforts to educate himself and address mental health issues as well as his work ethic, the court struck the three-year drug enhancement and each of the one-year prior prison term enhancements. Defendant's total aggregate sentence was 20 years in state prison.[6] The trial court reduced the fines and fees given the new lower sentence and awarded credits. Defendant timely appealed.

## II. DISCUSSION

*A.      Due Process and Right to a Fair Trial by an Unbiased Judge*

Defendant first contends that the trial judge who presided over his trial and also over the resentencing proceedings, was personally biased against him. He argues her comments at resentencing show she intended to extract retribution against him without properly considering factors in mitigation thereby depriving him of due process. He also asserts the judge erroneously excluded evidence during trial, which precluded him from putting on a complete defense thereby guaranteeing a conviction. And while he concedes he did not seek recusal or otherwise raise a judicial bias claim below, he argues his failure

---

[6] The trial court had originally imposed a consecutive eight-month term in a separate criminal matter (case No. CRF11-253), but at defense counsel's request, the court resentenced defendant in that matter to a concurrent midterm of two years and reimposed the same fees and fines.

5

to object should be excused because he was never advised of Judge Scrogins' "monopoly on hearings related to his underlying criminal action" and he had no notice that the case was assigned to her for resentencing. None of his contentions are persuasive.

A defendant has a due process right to an impartial judge under the state and federal Constitutions. (*People v. Brown* (1993) 6 Cal.4th 322, 332-333.) The due process clause of the Fourteenth Amendment requires a fair trial in a fair tribunal before a judge with no actual bias against the defendant or interest in the outcome of the case. (*Bracy v. Gramley* (1997) 520 U.S. 899, 904-905; *Brown, supra*, at p. 334.)

" 'If a judge refuses or fails to disqualify [themself], a party may seek the judge's disqualification. The party must do so, however, "at the earliest practicable opportunity after discovery of the facts constituting the ground for disqualification," ' " including based on bias or lack of impartiality. (*People v. Johnson* (2015) 60 Cal.4th 966, 978; see Code Civ. Proc., § 170.3, subd. (c)(1).) " 'Defendant may not go to trial before a judge and gamble on a favorable result, and then assert for the first time on appeal that the judge was biased.' " (*Johnson, supra*, at pp. 978-979.) Although a defendant who objected to a judge's participation in the proceedings and merely failed to pursue the statutory appellate remedy under Code of Civil Procedure section 170.3 has been allowed to raise on appeal a narrow due process claim (*People v. Freeman* (2010) 47 Cal.4th 993, 999-1000), a defendant who *never* objected to the judge may not do so. (*Johnson, supra*, at p. 979.)

Here, defendant admittedly never moved to disqualify Judge Scrogins on the ground of prejudice or bias, nor did he raise any bias or due process objections below. Accordingly, defendant may not argue for the first time on appeal that Judge Scrogins was biased during the resentencing proceedings.

Likewise, the fact that Judge Scrogins made evidentiary rulings against defendant at trial cannot be raised for the first time in this subsequent appeal, especially where defendant offers no justification for failing to challenge the allegedly erroneous

6

evidentiary rulings in his direct appeal of the judgment. (*Summers, supra*, C073289.) "[W]here a criminal defendant could have raised an issue in a prior appeal, the appellate court need not entertain the issue in a subsequent appeal absent a showing of justification for the delay." (*People v. Senior* (1995) 33 Cal.App.4th 531, 538.) And, in any event, "adverse or erroneous rulings, especially those that are subject to review, do not establish a charge of judicial bias." (*People v. Guerra* (2006) 37 Cal.4th 1067, 1112, disapproved on another ground in *People v. Rundle* (2008) 43 Cal.4th 76, 151, which was disapproved on another ground in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)

Accordingly, we deem defendant's claim of judicial bias to be forfeited or without merit.

B.      *Mitigating Factors and Dangerousness Finding*

Defendant contends the trial court failed to properly consider factors in mitigation when resentencing him and did not declare him a danger to the public or state its reasons for not imposing the low term.

We review the trial court's sentencing decision for abuse of discretion. (See *People v. Carmony* (2004) 33 Cal.4th 367, 376-377; *People v. Strother* (2021) 72 Cal.App.5th 563, 571.) "A court abuses its sentencing discretion when it acts arbitrarily and capriciously, relies on improper matter in reaching its decision, or is unaware of the scope of its discretion so that it does not exercise informed discretion at all." (*People v. Knowles* (2024) 105 Cal.App.5th 757, 765.) We find no abuse of discretion here.

Section 1172.75 (formerly section 1171.1) now requires a trial court to strike a prior prison term enhancement that is not based on a sexually violent offense (§ 1172.75, subd. (a) [any prior prison term enhancement imposed before January 1, 2020, for a non-sexually violent offense is legally invalid]; *People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380), and resentence a defendant applying "the sentencing rules of the Judicial Council" and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of

7

sentencing." (§ 1172.75, subds. (c), (d)(2).) "[U]nless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety," the court must resentence the defendant to a lower term than originally imposed after eliminating any invalid enhancements. (*Id.*, subd. (d)(1).) In doing so, the court may consider postconviction factors such as a defendant's disciplinary record and rehabilitative efforts while incarcerated, a decreased risk of future violence given a defendant's age, time served, and diminished physical condition, and evidence of changed circumstance such that continued incarceration is no longer in the interest of justice. (*Id.*, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

As relevant here, since defendant was originally sentenced, the Legislature has passed Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3), which amended section 1170, effective January 1, 2022.[7] As amended, section 1170 prohibits a trial court from imposing an upper term sentence unless there are aggravating circumstances that justify a term exceeding the middle term and the facts underlying those aggravating circumstances are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); *People v. Lynch* (2024) 16 Cal.5th 730, 742.) Amended section 1170 also creates a presumption in favor of the low term if certain enumerated mitigating factors are present, including if a defendant "experienced

---

[7] The Legislature further amended section 1170, effective January 1, 2024, with changes not relevant here. (See Stats. 2023, ch. 560, § 2.5.)

8

psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence" if such trauma "was a contributing factor in the commission of the offense" (§ 1170, subd. (b)(6)(A)), unless the court finds that the aggravating circumstances outweigh the mitigating circumstances such that imposing the low term would be contrary to the interests of justice. (*Id.*, subd. (b)(6).) Amended section 1170 also requires trial courts to state on the record "the facts and reasons for choosing the sentence imposed." (*Id.*, subd. (b)(5).)

In this case, the jury originally found true that defendant had served two prior prison terms for felony convictions for possessing cocaine for sale and for petty theft with a prior. After properly striking the prior prison term enhancements under section 1172.75 because they were not for sexually violent offenses, the trial court resentenced defendant under current law, including amended section 1170, which defendant had extensively briefed for the court.

Based on certified records of conviction as well as a lengthy certified RAP sheet that showed seven felony convictions in California and at least 14 felony convictions from out of state, the trial court found several factors in aggravation, including that defendant's prior convictions as an adult were numerous or of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2)),[8] that he had served several prior prison terms (rule 4.421(b)(3)), and that he was on probation and parole when he committed the offenses (rule 4.421(b)(4)). That was appropriate. (See e.g., *People v. Towne* (2008) 44 Cal.4th 63, 70-71 [recognizing that aggravating circumstances that a defendant served a prior prison term, was on probation or parole at the time of the offense, or that probation or parole performance was unsatisfactory may be determined relying on the defendant's record of one or more prior convictions].)

---

[8] Further undesignated rule references are to the California Rules of Court.

9

In accordance with section 1170, subdivision (b)(6), the trial court then weighed these aggravating factors against evidence that defendant had suffered childhood sexual trauma. The court found that even if defendant had been molested as a child, such trauma did not contribute to the offenses as defendant sodomized the victim, at least in part, because the victim's mother had refused to have anal sex with defendant. (*People v. Knowles, supra*, 105 Cal.App.5th at p. 765 [recognizing that the mere fact a defendant has suffered past trauma is insufficient for a presumptive low term under the statutory text; instead, the trauma must be a contributing factor in the commission of the offense].) Because the mitigating factor, if it existed, did not outweigh the multiple factors in aggravation found by the court based on defendant's certified records of conviction, and given the egregious nature of the facts of the case—defendant forcefully sodomized a young boy who considered him a father figure after giving him drugs, the court implicitly found that a low term sentence was contrary to the interests of justice. We presume the trial court acted to achieve legitimate sentencing objectives (*People v. Superior Court (Alvarez)* (1997) 14 Cal.4th 968, 977-978), and we may not substitute our judgment on how the circumstances should be weighed for that of the trial court. (See *People v. Strother, supra*, 72 Cal.App.5th at p. 571.)

The trial court was not required to find defendant a danger to public safety under section 1170's plain language before determining that the aggravating factors outweighed the potential mitigating factor of childhood trauma. (See § 1170, subd. (b)(6).) Nor was the court required to find that defendant would endanger public safety under section 1172.75 as the court here lessened defendant's sentence by five years from the original 25-year term. (§ 1172.75, subd. (d)(1) ["[r]esentencing . . . shall result in a lesser sentence . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety"].)

The trial court stated its reasons for reimposing the upper term on both counts while striking the three-year drug enhancement under amended section 1385 and the two

one-year prior prison terms under section 1172.75.  Defendant has failed to show the court abused its discretion in resentencing him.

*C.*       *Cumulative Error*

Defendant argues that reversal is required under the cumulative error doctrine. The premise behind the cumulative error doctrine is that while a few errors may be harmless taken individually, their cumulative effect requires reversal.  (*People v. Cunningham* (2001) 25 Cal.4th 926, 1009 [" '[A] series of trial errors, though independently harmless, may in some circumstances rise by accretion to the level of reversible and prejudicial error' "].)  Because we have found no individual errors, there is no error to accumulate.  We therefore reject defendant's cumulative error claim.

## III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

KRAUSE, J.

11